UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: BRIAN K. WHITLEY                          CASE NO. 08-14963-DWH

BRIAN K. WHITLEY                                              PLAINTIFF

VERSUS                                       ADV. PROC. NO. 10-1065-DWH

SALLIE MAE, INC., et al.,                                   DEFENDANTS


OPINION


On consideration before the court is a motion for summary judgment filed by the

defendant, Educational Credit Management Corporation, ("ECMC"); a response to said motion

having been filed by the plaintiff, Brian K. Whitley, ("debtor"); and the court, having heard and

considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of this proceeding

pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core adversary proceeding as defined

in 28 U.S.C. §157(b)(2)(A), (I), and (O).

II.

The court finds that the following facts, set forth by ECMC in its motion for summary

judgment, and to which the debtor has voiced no objection, are undisputed, to-wit;

1.   ECMC is a guarantor under the Federal Family Education Loan Program,

("FFELP"), and is a specialized guarantor for the U.S. Department of Education

and other FFELP guaranty agencies.

2.   ECMC is a not for profit Minnesota corporation.

3.   The debtor executed three Master Promissory Notes.  Six Guaranteed Student

Loans were disbursed under the notes as follows:

| | Loan Type | Disbursement Date | Disbursement Amount |
|---|---|---|---|
| 1 | Subsidized | 02/06/2002 | $1,312.00 |
| 2 | Unsubsidized | 02/06/2002 | $2,000.00 |
| 3 | Subsidized | 11/15/2006 | $2,039.25 |
| 4 | Unsubsidized | 11/15/2006 | $2,667.00 |
| 5 | Unsubsidized | 09/20/2002 | $2,000.00 |
| 6 | Subsidized | 09/30/2002 | $1,313.00 |

4.   The original guarantor was United Student Aid Funds, ("USAF").

5.   USAF assigned the loans to ECMC which is the current holder of the notes.

6.   The balance due on the loans, as of September 19, 2010, is $12,946.05.  Plaintiff

made payments of $522.90 on loans 1 and 2; and $203.00 on loans 5 and 6.  No

payments were made on loans 3 and 4.

III.

Summary judgment is properly granted when pleadings, depositions, answers to

interrogatories, and admissions on file, together with affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law.  Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18.  The court must

examine each issue in a light most favorable to the nonmoving party.  *Anderson v. Liberty Lobby*,

477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.*, 812 F.2d 265 (5th

Cir. 1987); *Putman v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). The

moving party must demonstrate to the court the basis on which it believes that summary

judgment is justified. The nonmoving party must then show that a genuine issue of material fact

arises as to that issue. *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.29

265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.*, 828 F.2d 291 (5th Cir. 1987), *Putman*

*v. Insurance Co. of North America*, 673 F.Supp. 171 (N.D. Miss. 1987). An issue is genuine if

"there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party."

*Phillips*, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under

the governing substantive law." *Phillips*, 812 F.2d at 272.

The court notes that it has the discretion to deny motions for summary judgment and

allow parties to proceed to trial so that the record might be more fully developed for the trier of

fact. *Kunin v. Feofanov*, 69 F.3d 59, 61 (5th Cir. 1995); *Black v. J.I. Case Co.*, 22 F.3d 568, 572

(5th Cir. 1994); *Veillon v. Exploration Services, Inc.*, 876 F.2d 1197, 1200 (5th Cir. 1989).

IV.

Section 523(a)(8) states as follows:

(a) A discharge under §727, ... of this title does not discharge the individual debtor or any
debt-

. . . .

> (8) unless excepting such debt from discharge under this paragraph would impose
> an undue hardship on the debtor and the debtor's agents, for...
>> (A)(i) an educational benefit, overpayment or loan made, insured, or
>> guaranteed by a governmental unit, or made under any program funded in
>> whole or in part by a governmental unit or non-profit institution; or
>>> (ii) an obligation to repay funds received as an educational benefit,
>>> scholarship, or stipend; or

3

(B) any other educational loan that is a qualified educational loan as defined in §221(d)(1) of the Internal Revenue Code of 1986, incurred by a debtor who is an individual.

11 U.S.C. §523(a)(8).

The Second Circuit Court of Appeals devised the most widely recognized test for determining "undue hardship" relative to the dischargeability of student loan obligations in *Brunner v. New York State Higher Education Service Corporation*, 831 F.2d 395, 396 (2nd Circuit 1987). This test was subsequently adopted by the Fifth Circuit Court of Appeals in *U.S. Department of Education v. Gerhardt, (In re Gerhardt)*, 348 F.3d 89 (5th Cir. 2003).

Under the *Brunner* test, the debtor must prove the following factors:

1)    That the debtor cannot maintain, based on current income and expenses, a

minimal standard of living for herself and her dependents if forced to repay the

loans;

2)    that additional circumstances exist indicating that this state of affairs is likely to

persist for a significant portion of the repayment period of the student loan; and,

3)    that the debtor has made good faith efforts to repay the loans.

*Brunner*, 831.F.2d at 396.

The court, having examined ECMC's motion for summary judgment and the debtor's response, is of the opinion that the factual circumstances, underpinning each of the elements of the *Brunner* "undue hardship" test, remain in dispute. They must be developed through an evidentiary hearing. Since these issues are material for the resolution of this proceeding, ECMC's motion for summary judgment is not well taken as to the three factors required by the *Brunner* test. However, since there is no dispute regarding the facts set forth in paragraph II,

subparagraphs 1. - 6., hereinabove, ECMC's motion for summary judgment will be sustained as

to those factual issues which will be considered conclusively established for purposes of this

proceeding.

A separate order will be entered consistent with this opinion.

This the _15th_ day of February, 2011.

DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE